UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-5302-DMG (OPx)** | Date | July 21, 2011 |

| | | | |
|---|---|---|---|
| Title | *Unified, Ltd. v. Rising Sun Enterprises, Inc., et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING BANKRUPTCY ACTION**

On July 1, 2011, a Notice of Commencement of Bankruptcy Case and Automatic Stay was filed herein [Doc. # 16] advising that defendants Rising Sun Enterprises, Inc., Ankush Banipal, Inc. and Nand Singh Garcha, Inc. (collectively, "Debtor defendants") have filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. As a result, this action as against the Debtor defendants is subject to the automatic bankruptcy stay pursuant to § 362(b) of the Bankruptcy Code. However, the automatic stay does not apply to this action as against the remaining defendants. As such, all parties herein are ordered to show cause in writing by **July 28, 2011** why this entire action should not be stayed pending the pendency of the above-mentioned bankruptcy actions. Failure to file a timely response to this order shall be deemed consent to a stay.

IT IS SO ORDERED.